Joe P. Josephson,
Alaska Bar No. 6102018
JOSEPHSON LAW OFFICES, LLC
Attorney for Plaintiff
PO Box 241107
Anchorage, Alaska 99524
Tel. (907) 276-0151
joejlaw@gmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAIGE R. ANDERSON, )<br>f/k/a PAIGE SIMEONOFF, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PROVIDENCE KODIAK ISLAND )<br>MEDICAL CENTER, and )<br>PROVIDENCE HEALTH & )<br>SERVICES-WASHINGTON, )<br>)<br>    Defendants. ) | <br><br><br><br><br><br><br><br><br><br><br><br>Civil Action No. _____ |

## COMPLAINT

Plaintiff, PAIGE R. ANDERSON, formerly known as PAIGE SIMEONOFF, by and through her attorney, Joe P. Josephson, Alaska Bar number 610218, for her complaint and causes of action against the defendants, PROVIDENCE KODIAK ISLAND MEDICAL CENTER, and PROVIDENCE HEALTH & SERVICES-WASHINGTON, alleges as follows:

# PART A. GENERAL ALLEGATIONS APPLICABLE TO EACH CLAIM FOR RELIEF.

1. Plaintiff is a female, formerly employed by the defendant, Providence Kodiak Island Medical Center, as a registered nurse, in Kodiak, Alaska. Plaintiff has been and remains a licensed registered nurse at all times pertinent. Plaintiff is presently a resident and inhabitant of the State of Colorado, where she works as a nurse.

2. The defendant, Providence Kodiak Island Medical Center is an Alaska corporation. Its principal place of business is in Kodiak, Alaska, where it has been located at all times relevant. Defendant Providence Kodiak Island Medical Center is owned by co-defendant, Providence Health & Services-Washington.

3. Plaintiff began working as a nurse for the Providence Hospital System approximately 20 years ago, and for most of the period since then, she worked as a "casual employee" at the defendant's hospital in Kodiak, up until her last day of service at Kodiak on or about the 5th day of March, 2021. Throughout most of that long period of time, plaintiff was a successful, highly praised and well-regarded nurse at the hospital.

4. Plaintiff applied for both full-time and part-time registered positions in early October, 2020. However, approximately just three days before her scheduled interview, plaintiff was disciplined by her supervisor, Diana Bash. The discipline was not warranted, and was imposed by Ms. Bash in order to thwart the plaintiff in her effort to secure either the full-time permanent or the part-time permanent position which were posted and unfilled. Plaintiff had never been previously disciplined for any alleged reason or cause.

5. Ms. Bash's strategy was successful, because the disciplinary action then pending, which she herself had initiated, resulted in the plaintiff's being considered as not-in-good-standing, and therefore ineligible for hire as a permanent employee.

6. As noted above in paragraph 4, plaintiff had never been disciplined previously. Moreover, other employees, who were both accused and even found responsible for more severe offenses, were never disciplined. Furthermore, plaintiff's conduct did not warrant the disciplinary action imposed, and both the imposition itself, and its timing, were motivated by Ms. Bash's discriminatory purpose to deny permanent status as a nurse to the plaintiff. The disciplinary action, and the failure and refusal of the defendants to grant her permanent status as a nurse, were in unlawful retaliation against the plaintiff due to her complaints of discrimination.

7. For example, on or about October 11, 2020, plaintiff complained to Ms. Bonnie Neff, Chief Nurse Officer at the Providence Kodiak Island Medical Center about her not having been hired for either of the posted positions.

8. In the same month (October 2020), plaintiff's hours at the defendant's hospital in Kodiak were reduced, and, moreover, when a fellow nurse, a colleague, offered to work fewer hours so that plaintiff could work more hours (as plaintiff wished to do), Ms. Neff told her not to do so.

9. On or about November 6, 2020, plaintiff again complained to Ms. Neff, as well as Jenny McConnell, the defendant's Human Relations (HR) officer, about the hospital's failure or refusal to hire her for either of the open positions as a nurse. Plaintiff

specifically (and accurately) informed Ms. Neff and Ms. McConnell that Diana Bash had publicly stated that she wanted to hire more men, explaining that she "got along better with males" than with women.

10. In the same month (October 2020), plaintiff's hours at the defendant's hospital in Kodiak were reduced and, moreover, when a colleague offered to give plaintiff some of her shifts, Ms. Bash informed her not to do so. By these means and methods, the defendants unlawfully retaliated, and discriminated, against the plaintiff because of the plaintiff's exercise of her right to protected activity, including her right to voice objection to discriminatory and retaliatory misconduct by the defendant-employer and its agents.

11. Plaintiff was subjected to further retaliation and discrimination when between October and mid-February, her hours were reduced; she was denied the opportunity to perform projects for which she was fully qualified and which hospital managers considered to be useful and necessary, and, subsequently, she was disciplined (on or about February 2, 2021, again without just cause or excuse).

12. Plaintiff resigned from working for the defendant on or about February 21, 2021, expressly notifying defendant that she was leaving because working conditions had become intolerable to the extent that she believed she had "no other option".

13. The conduct of the defendants and its agents, described above, was unlawful, under the laws of the United States of America inasmuch as the plaintiff was discriminated against because she opposed a practice or practices prohibited by federal statutes, and

because she has made a charge, or assisted, or participated in an investigation conducted by the federal Equal Employment Opportunity Commission (EEOC).

14. Plaintiff's protected activities were close in time to, and were factors in, defendant's retaliatory acts and omissions.

15. At trial, plaintiff will prove her economic damages by at least a preponderance of the evidence, and with appropriate exactitude, her proof will demonstrate the economic damages she has incurred since working for the defendants, as well as emotional damages (continuing in nature and effect).

16. In addition, plaintiff has sustained, and continues to sustain, emotional damages because of her mistreatment by the defendants.

17. Also, as noted above in paragraph 9, her supervisor, Diana Bash, openly and plainly acknowledged her gender bias, declaring her preference for working with males and not with females, and did so in the context of being questioned about her treatment of the plaintiff.

18. By its conduct towards the plaintiff, the defendants has inflicted upon economic and emotional damages, the nature and extent of which to be proved at trial. The economic and emotional damages sustained by plaintiff are continuing in nature and the economic damages already exceed $40,000.00.

19. The behavior complained of, in addition to being contrary to statutes of the United States of America, including 42 U.S.C. sec. 2000e-2(a)(1) (sex or gender) and 42

U.S.C. sec. 2000e-3(a) (unlawful retaliation) and was also in violation of Alaska state statutes, including AS 18.80.220(a)(1) and AS 18.80.220(a)(4).

20. Furthermore, the implied covenant of good faith and fair dealing inured every employment relationship entered into in Alaska.

21. The defendants, by virtue of the conduct alleged in this Complaint, violated the implied covenant of good faith and fair dealing, thus causing the damages to plaintiff of which she complains in this pleading.

**PART B. <u>PRAYER FOR RELIEF</u>.**

WHEREFORE, plaintiff PAIGE R. ANDERSON respectfully prays for the recovery of compensatory damages from the defendants, PROVIDENCE KODIAK ISLAND MEDICAL CENTER, and PROVIDENCE HEALTH & SERVICES-WASHINGTON, in such amount as the Court or Jury shall determine to be just and proper, in order to (1) compensate the plaintiff and to (2) deter the defendants and others similarly situated from retaliating against employees, and/or penalizing or attempting to penalize an employee, because of his or her opposition to an unlawful employment practice or because he or she has made a charge, testified, assisted, or participated in any manner in an investigation proceeding, or hearing, concerning an employer's alleged unlawful employment practice.

Further, plaintiff prays for the recovery of her costs and reasonable attorney fees incurred in this action.

DATED at Anchorage, Alaska, this 12th day of July, 2022.

            JOSEPHSON LAW OFFICES, LLC

             */ s / Joe P. Josephson /*
            Joe P. Josephson
            Alaska Bar No. 6102018